William **T. LAINHARDT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1965.

William T. Lainhardt, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

MOREMEN, Chief Justice.

Appellant, Lainhardt, filed motion to vacate a judgment entered in the 1957 February term of the Shelby Circuit Court under which he was convicted of the offense of forgery and sentenced to a term of ten years in the penitentiary. He alleged that he was not represented by counsel at the trial and that he entered a plea of guilty because at the time he was in fear of losing his life. Counsel was duly appointed by the court and represented him at the hearing on the motion.

Appellant testified that prior to the 1957 trial he had talked to the Hon. Lucian L. Kinsolving in regard to representing him, but that he was unable to raise money with the result that he appeared before the court and pled guilty without counsel. Specifically he said:

"Well, prior to my trial, I talked to Mr. Kinsolving in regard to defending me and we reached an agreement on the fee. However, at that time, I was confined in the County Jail, that afforded me no way to write to my people or friends, and I had no chance to get any fee. Mr. Kinsolving told me at that time that he felt he could get me a two year term for the charge of Forgery. On February the 13th another fellow and I broke out of Jail. We were returned from the escape on February the 14th. At that time, the Court, you might say, was packed, filled up, quite a few angry citizens, local Police, the Sheriffs Office and the State Police. I had had some encouragement and inducement by these police officers to run, with the impression if I did the least bit wrong, I wouldn't get a chance to ever run again. I came before Mr. Wright's Court and he told me at that time—asked me if I wished to have a trial. I told him yes. He told me if I didn't that I would be placed in the local jail and held until the next term of Court. After seeing and hearing what I had in the few minutes I had been back from escape, I thought it would be a lot safer to accept the ten years he told me he would give me, because it was the maximum, than to stay in that jail in this vicinity or neighborhood."

At the time of the escape the jailer received severe wounds from which he sub-

sequently died. (Lainhardt was indicted for murder—later amended to voluntary manslaughter—and upon a plea of guilty was sentenced to confinement in the penitentiary for fifteen years.)

Mr. Kinsolving testified that he had been appointed counsel for Lainhardt and had sought to be relieved of the appointment, but on February 14, 1957, when appellant appeared before the court after his escape, the court re-appointed him to defend appellant. Appellant had insisted on an immediate trial that day. Mr. Kinsolving discussed this case with the Commonwealth's Attorney who refused to offer any recommendation for a term of less than the maximum of ten years. Mr. Kinsolving advised Lainhardt not to accept the offer and to take a continuance because he believed, for a first offender, a two-year sentence should be enough time. Appellant insisted he wanted to plead guilty and did not want a continuance. Mr. Kinsolving stated that he "very fervently recommended that he take the continuance and not to make any plea at that time." A plea of guilty was entered.

The Hon. James F. Thomas, who was Commonwealth's Attorney at the February term 1957, corroborated the testimony given by Mr. Kinsolving.

The Hon. Coleman Wright, Judge of the Shelby Circuit Court, was called to the stand by appellant, Lainhardt, and he too corroborated the testimony given by the other witnesses.

All the witnesses introduced, with the exception of Lainhardt, testified that the proceedings in the courtroom were orderly, that there was no indication of mob violence, that none of the officers carried shotguns and that although two or three state policemen and several members of the sheriff's office were in the courtroom, the proceedings were controlled at all times.

The court made a detailed finding of fact, which was fully supported by the evidence, and reached the conclusion that the motion filed under RCr 11.42 should be overruled because the sentence imposed was not in violation of the Constitution or a Statute of the Commonwealth which would render the judgment void, or of the Constitution of the United States. We believe that properly he could reach no other conclusion.

Judgment affirmed.